*117 OPINION OF THE COURT
Per Curiam.
Respondent Dominic E. Ezeudu was admitted to the practice of law in the State of New York by the Second Judicial Department on May 18, 1994. The Departmental Disciplinary Committee believes respondent no longer maintains an office for the practice of law within the First Department; however, his last sworn registration statement, filed with the Office of Court Administration (OCA) in March 2005, lists his business address as 305 Broadway, New York, New York. Accordingly, this Court has jurisdiction over him based upon his last known business address (see Rules of App Div, 1st Dept [22 NYCRR] § 603.1).
In accordance with Judiciary Law § 468-a, on November 20, 2013, this Court suspended respondent from the practice of law (as part of a mass suspension) because he had failed to pay attorney registration fees. The Committee now seeks a further order suspending respondent, in accordance with 22 NYCRR 603.4 (e) (1) (i), because he willfully failed to cooperate with the Committee’s investigation of a complaint and rendered himself inaccessible to the Committee, which conduct immediately threatens the public interest.
In February 2013, the Committee received a complaint from one of respondent’s clients alleging that respondent neglected an immigration matter in which he represented the client in a petition for asylum. The complaint alleges that respondent failed to notify the client his petition had been denied before the time to appeal had expired and as a result he was deported.
Before filing this motion, the Committee made numerous attempts to contact respondent in connection with the complaint. Between March and September 2013, the Committee mailed at least four letters to respondent at his last known business and residential addresses listed with OCA, seeking a written response to the complaint. These letters were returned marked “Not Deliverable” or “Unable to Forward.” The Committee also mailed a letter to a different home address on Long Island, obtained via a Lexis search. Although that letter was not returned, no response was received. Also, committee investigators contacted three local postmasters to verify respondent’s current home address or to obtain a forwarding address. The postmasters indicated that respondent does not live at the addresses that the Committee provided and did not have any forwarding address. To date, respondent has failed to answer the complaint or otherwise respond to the Committee’s inquiries.
*118 Since the Committee was unable to find respondent to serve him personally with this motion, it sought leave to serve him by notice published in the New York Law Journal. By order entered January 13, 2014, the Presiding Justice of this Court granted leave, and the notice of motion was published in the newspaper on February 4, 2014. The Committee also served respondent by sending a copy of this motion by first-class mail and certified mail, return receipt requested, to respondent’s last known business and residential addresses (see 22 NYCRR 605.11 [d]). Respondent has not submitted a response to the motion.
In accordance with 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct that immediately threatens the public interest. Such a finding may be based upon “the attorney’s default in responding to the petition or notice, or the attorney’s failure ... to comply with any lawful demand of this court or the [Committee] made in connection with any investigation” (22 NYCRR 603.4 [e] [1] [i]).
Here, respondent failed to respond to the Committee’s many letters and the notice of motion and has become inaccessible to the Committee. That conduct evinces a willful failure to cooperate with the Committee’s investigation, which threatens the public interest.
Accordingly, the motion is granted to the extent of continuing respondent’s suspension from the practice of law in accordance with 22 NYCRR 603.4 (e) (1) (i), and until further order of this Court.
Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ., concur.
Respondent’s suspension from the practice of law in the State of New York continued, pursuant to 22 NYCRR 603.4 (e) (1) (i), until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.